IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-3196 |
| | ) |
| JEFFREY A. GRADY and | ) |
| MELISSA B. GRADY, | ) |
| | ) |
| Defendants. | ) |

OPINION
---

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Plaintiff's motion to enter judgment.

Plaintiff United States of America has moved, pursuant to Rule 12 of the Federal Rules of Civil Procedure and Chapter 735, Section 5/15-1506, of Illinois Compiled Statutes, for judgment for the relief prayed in the complaint for foreclosure of mortgage. The docket shows that the Defendants, Jeffrey A. Grady and Melissa B. Grady, were served with

1

summons and complaint.  However, they did not serve an answer or otherwise respond to the complaint.

On November 4, 2005, the Plaintiff moved for entry of default.  The Defendants did not respond to the motion.  On November 21, United States Magistrate Judge Charles H. Evans entered a default against the Defendants for failure to appear, answer, or otherwise plead in the time and manner provided by the Federal Rules of Civil Procedure and the Rules of this Court.  Judge Evans ordered the Plaintiff to file a motion for a default judgment within fourteen days of the Order of Default.  That motion is now before the Court.

The Plaintiff's motion includes the affidavit of Douglas Wilson, the State Director for Rural Development, formerly Farmers Home Administration, United States Department of Agriculture.  Mr. Wilson states that he is familiar with the allegations in the Complaint for Foreclosure filed by the Plaintiff, and those allegations are true.  He claims that as of October 18, 2005, the Defendant-mortgagors are in arrears in the payments due the Plaintiff in the amount of $7,101.99.

Mr. Wilson further states that the Defendants are indebted to the Plaintiff in the following amounts under the terms of a loan secured by mortgage described in the complaint, in addition to the Plaintiff's attorney's fees incurred which are to be fixed by the Court:

| | |
|---|---:|
| Unpaid Balance of Principal | $34,179.47 |
| Unpaid Balance of Interest | $ 2,728.62 |
| Escrow Shortage | $    741.33 |
| Late Charges | $      29.76 |
| Court Costs Paid to Date | $    604.85 |
| Total | $38,284.03 |
| Daily Accrual | $6.7890 |

The Plaintiff also claims that to the best of its information, the Defendants are not infants or incompetent persons and not in the military service of the United States within the purview of the Servicemembers Civil Relief Act of 2003.

The Defendants have not responded to the Plaintiff's motion to enter judgment. The material factual allegations of the Complaint for Foreclosure have, therefore, been established via affidavit. Accordingly, the Plaintiff is entitled to a judgment of foreclosure pursuant to 735 LCS 5/15-1506.

Ergo, the Plaintiff's motion for judgment [d/e 12] is ALLOWED. The

Clerk of Court will enter a judgment of foreclosure as requested in the Plaintiff's complaint.

ENTER: December 21, 2005

    FOR THE COURT:

                                        s/Richard Mills
                                        United States District Judge